Israel Canel, Appellant, v. O. J. Smith, Appellee.

### Gen. No. 15,106.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action on the case. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 19, 1910.

MYER S. EMRICH, for appellant.

JOHN E. VAN NATTA, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action of "trespass on the case." The declaration charges that defendant with force and arms broke into and entered plaintiff's dwelling house and seized and took household furniture belonging to plaintiff, broke and damaged it, threw it into the street and disturbed plaintiff in the peaceful possession of the house. Judgment was entered upon a verdict finding defendant not guilty and plaintiff appeals.

There is evidence in plaintiff's behalf tending to show that he occupied under a written lease a house belonging to defendant; that the house was so damaged by fire occurring August 18, 1906, as to be uninhabitable; that plaintiff and his family moved away; that he left some furniture and other things in the house, and that he had a talk with defendant about two days after the fire, in the course of which defendant "said that he was going to fix the house and that we could stay in the same place." It appears from uncontradicted evidence that the outside doors of the kitchen, some inside doors, the partition between the kitchen and a rear bedroom, a part of the ceiling of the rooms down stairs, the floors of the two rooms upstairs, and

a part of the roof, together with furniture, were burned and injured by water. There is evidence also tending to show that plaintiff told defendant he could not live there; that he asked defendant to help him move his furniture to another place he had secured to live in; that the next morning thereafter defendant brought his two-horse wagon and with the help of plaintiff and the latter's son loaded plaintiff's furniture on the wagon and it was taken where plaintiff desired; that the defendant then suggested to plaintiff that they "go back to get the rest of that stuff;" that plaintiff replied that he had not much room where he was moving in and that he would move the rest "after we get cleaned out and in shape to bring it up;" that the articles remaining were damaged by the fire and water; that defendant told plaintiff a carpenter would be there in a few days and he would want plaintiff's things out of the house and that plaintiff replied he would get them out and said, "if we don't you can set it out." The articles were left in the house until the latter part of October, when the workmen came and some of them were taken out and placed against a shed on the premises to which plaintiff had the key. In the meantime anyone could have access to the house, the outside doors of which had been burned or broken in by the firemen.

Subsequently it is claimed plaintiff changed his mind and concluded to endeavor to retain possession. October 16th defendant notified plaintiff in writing that "in order to make the required repairs and improvements in the place it will be necessary for you to remove all your goods from the premises. If you do not comply in ten days the goods will be set in the street." Upon October 22nd following defendant served another notice demanding immediate possession.

It is the plaintiff's contention that the evidence shows the lease had not been cancelled, that plaintiff was entitled to possession, and that the verdict is contrary to the evidence. There is evidence tending to

show a verbal and actual surrender of the premises by plaintiff. He abandoned the house and uncontradicted evidence tends to show it was not inhabitable in the condition in which the fire left it.

The fire occurred in August. The demand for immediate possession was served October 22nd following. The right of possession is not in controversy except collaterally, but if the jury found, as they might do from the evidence, that plaintiff had thrown up his lease and agreed to abandon the premises, then defendant was not guilty of trespass in taking possession.

The furniture and other things left by plaintiff in the house and alleged to have been put out by defendant could not have been deemed of great value by one who left them in a house open to the rains and to any who might choose to enter without leave or license. There is affirmative evidence tending to show these things had been damaged by the fire, and if plaintiff suffered any other loss or damage in respect to them, the evidence tending to show that such loss occurred by reason of defendant's acts is by no means convincing. It might have been the result of leaving the articles in an open and abandoned house, as there is evidence tending to show was done, subject to the depredation of boys or any one who chose to enter.

We find nothing in the record to justify interference on our part with the verdict. The judgment therefore will be affirmed.

*Affirmed.*